# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

In re:  BKY 20-30480
Chapter 13

Delroy and Cindy Siewert,

        Debtors.

## MOTION TO DISMISS AND NOTICE OF MOTION

TO:  All parties in interest.

NOTICE OF MOTION: Your rights may be affected in this action. You should read the papers carefully and discuss the matters with your attorney if you have one. Parties in interest may file objections to the Motion to Dismiss within 21 days from the date of this notice. A hearing will be scheduled if objections are filed. All objections should be filed with the Clerk of Bankruptcy Court, Quentin N. Burdick U.S. Courthouse, 655 1st Avenue N., Ste. 210, Fargo, ND 58102-4932 and upon the Trustee within 21 days of this notice. If you do not take this step the court may assume that you do not oppose the action and the court may enter an Order approving the request made in these legal documents.

    1.    Kyle L. Carlson, Chapter 13 Trustee, moves to dismiss this case and provides notice.

    2.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. The motion is brought pursuant to 11 U.S.C. § 1307 and Bankruptcy Rule 1017. The debtors commenced this case by filing a voluntary Chapter 13 petition on September 8, 2020. This case is pending before this Court.

    3.    The debtors have not submitted any payments to the Trustee. Failing to commence payments within 30 days of the order for relief, unless the court orders otherwise, is cause for dismiss. *See* 11 U.S.C. §§ 1326(a)(1) &1307(c)(4).

    4.    The debtors have not filed a confirmable plan in this case. Failing to do so has resulted in unreasonable delay that is prejudicial to creditors and is cause for dismissal pursuant to 11 U.S.C. § 1307(c)(1). Should the debtors' current plan be denied, the Trustee also requests dismissal of the case pursuant to 11 U.S.C. § 1307(c)(5) (cause for dismissal includes "denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan.").

    WHEREFORE, the Trustee moves the Court for an order dismissing the case and such other relief as may be just and equitable.

Dated: 11-6-20

/s/ Kyle L. Carlson
Kyle L. Carlson, Chapter 13 Trustee
PO Box 519
Barnesville, MN  56514
218-354-7356

1

## VERIFICATION

    I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  11-6-20

<u>/s/ Kyle L. Carlson</u>
Kyle L. Carlson, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re: BKY 20-30480
Chapter 13

Delroy and Cindy Siewert,

Debtors.

**MEMORANDUM OF LAW**

### I. Facts

The facts supporting the objection are set forth in the attached verified motion. In addition, the Trustee also relies on the representations made by the debtors at the 341 meeting of creditors and in the debtors' filed schedules.

### II. Burden

The burden of proof to establish eligibility is on the party filing the petition. *In re Montgomery*, 37 F.3d 413 (8th Cir. 1994).

### III. Failure to Commence Payments

The debtors' plan provides for plan payments to commence in January 2021. Section 1326(a)(1) requires that, "[u]nless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for the relief." The debtors voluntarily filed this bankruptcy case on September 8, 2020. The filing of a voluntary bankruptcy petition constitutes an order for relief pursuant to Section 301(b). To date the debtors have not made any payments to the Chapter 13 Trustee. Failing to commence payments pursuant to Section 1326(a)(1) is cause for dismissal pursuant to Section 1307(c)(4). Failing to maintain payments to the Trustee prior to confirmation of the plan is also cause for dismissal under 11 U.S.C. § 1307(c)(4). *See In re Tashjian*, 72 B.R. 968, 972 (Bankr. E.D. Pa. 1987) (11 U.S.C. § 1307(c)(4) "allows dismissal of Chapter 13 cases wherein the debtor not only never commences making any payments, but where he fails to continue to make such payments in regular fashion prior to confirmation.").

### IV. Unreasonable Delay

A Chapter 13 case may be dismissed based on a finding of "unreasonable delay by the debtor that is prejudicial to creditors." § 1307(c)(1). "A debtor's unjustified failure to expeditiously accomplish any task required either to propose or confirm a Chapter 13 plan may constitute cause for dismissal under § 1307(c)(1)." *Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth)*, 455 B.R. 904, 915 (9th Cir. BAP 2011); *see also In re de la Salle*, 461 B.R. 593, 605 (finding unreasonable delay and prejudice to creditors where debtors had sufficient time but repeatedly failed to provide for a claim in their plan).

The bankruptcy rules are designed to require debtors to prosecute their cases diligently in exchange for creditors being required to adhere to the automatic stay provisions of the code. *In re Greene,* 127 B.R. 805, 806 (Bankr. N.D. Ohio 1991). The same can be said for the orders of the Court setting deadlines for the filing of documents and concluding confirmation beyond those deadlines prescribed by the bankruptcy code and rules. The general principles that guide whether a case should be dismissed for "unreasonable delay" were articulated by Chief Judge Sigmund of the Bankruptcy Court for the Eastern District of Pennsylvania:

> In enacting the Bankruptcy Code, Congress carefully balanced the rights of debtors and creditors. For example, while the automatic stay enjoins creditor action against the debtor and her property, it provides the creditor with adequate protection of its interest in the debtor's property so that its position does not deteriorate while it is statutorily enjoined. Moreover, it is generally accepted that the debtor's burden to demonstrate that a reorganization is in process increases with the passage of time. Finally, because creditors' rights are constrained during the pendency of Chapter 13 proceedings, the Bankruptcy Code contemplates that a plan will be promptly confirmed so that payments to creditors may commence.

*In re Wile*, 310 B.R. 514, 517 (Bankr. E.D. Pa. 2004).

Here, the debtors' failure to put forth a confirmable plan has resulted in unreasonable delay that is prejudicial to creditors.

### V. Conclusion

Based on the foregoing, the Trustee requests that the case be dismissed.

### VERIFICATION

I, Kyle L. Carlson, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 11-6-20

/s/ Kyle L. Carlson
Kyle L. Carlson, Trustee

4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:                                                                                      BKY 20-30480
                                                                                                         Chapter 13

Delroy and Cindy Siewert,

        Debtors.

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

       The undersigned, being an employee of the standing Chapter 13 Trustee, declares that on the date indicated below, I served the attached Motion to Dismiss and Notice of Motion upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

      Delroy and Cindy Siewert
      1206 HWY 12 W
      Reeder, ND 58649

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: 11-6-20

                                                                           /s/ Patricia Halverson
                                                                           Patricia Halverson
                                                                           Chapter 13 Office