**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>Delroy Dean Siewert and<br>Cindy Lou Siewert,<br>      Debtors. | Case No.: 20-30480<br><br>Chapter 12 |

**ADDENDUM TO DEBTORS' SECOND AMENDED CHAPTER 12 PLAN OF REORGANIZATION DATED 6-21-2021 WITH RESPECT TO TREATMENT FOR CLAIM OF DEERE AND COMPANY**

**COMES NOW**, Delroy Dean Siewert and Cindy Lou Siewert, Debtors, and Debtors-in-Possession; (each and all of whom shall hereinafter be referred to individually and collectively as "**Debtors**") and Deere and Company d/b/a John Deere Financial, and hereby enters into this Addendum to Debtors' Second Amended Chapter 12 Plan of Reorganization dated 6-21-2021 ("Addendum") with respect to the treatment of Deere and Company's secured claims in the above captioned matter. Debtors' Second Amended Chapter 12 Plan of Reorganization dated 6-21-2021 ("Plan") insofar as it affects the claims of Deere and Company, Article 9, Class 3 of the Plan is replaced entirely by the following terms:

**Class 3. Deere and Company d/b/a John Deere Financial:** Class 3 is a fully secured claim of Deere and Company, based on their proof of claim balance of $7,348.93, plus allowable post-petition interest of $312.33, plus attorney's fees incurred in the sum of $8,230.00.

This claim is fully secured by a Hiniker 5620 Shredder Serial #23-100 and is allowed post-petition interest from time of filing until confirmation, up to the value of the collateral, pursuant to 11 USC § 506.

This claim will be amortized at five and one-quarter percent (5.25%) interest, commencing on September 8, 2021, as of the date of filing over three (3) years. Payments of $5,636.82 plus five percent Trustee's fees ($281.84) will be made annually in November of each year beginning November 30, 2021, until paid in full. All payments will be paid through the Trustee during the term of the plan and directly by the Debtors thereafter.

As a fully secured creditor, Class 3 is allowed post-petition interest of 4.25% and reasonable attorney fees from the time of filing until the effective date of the plan, up to the value of its collateral. Deere and Company will be allowed attorney's fees upon Deere & Company filing an amended proof of claim prior to confirmation of this Plan or within 15 days of entry of an order confirming this Plan. Debtors will not object to any claimed attorney's fees up to maximum amount of $9,000.00. Should Deere & Company file a proof of claim for claimed attorney's fees exceeding $9,000.00, Debtors may object to the amended proof of claim.

Debtors do not intend to sell the Hiniker 5620 Shredder Serial #23-100 at the auction to be held on or before October 31, 2022. If Debtors wish to sell the Hiniker 5620 Shredder Serial #23-100 at this auction, they shall obtain the prior written consent of Deere and Company prior to advertising the Hiniker 5620 Shredder Serial #23-100 and shall set a reserve price for the Hiniker 5620 Shredder Serial #23-100 equal to the total amount due on Deere and Company's claim as of the date of the auction plus any sale costs and commissions due to the auctioneer.

In the event the Debtors fail to make a payment to Deere and Company, Deere and Company shall transmit a notice of such default by email and regular U.S. mail to Debtors, and Debtors shall have thirty (30) calendar days from the date of such notice to cure such payment default. Payment to the Trustee within the curative period shall be considered cure of any noticed default. If Debtors do not cure the default with the 30-day curative period, Debtors agree to turn over to Deere and Company the collateral securing the debt. Deere and Company may file an affidavit of default/non-compliance seeking entry of an order granting relief from the automatic stay of 11 U.S.C. § 362(a) so that it may pursue its state court collection and enforcement remedies. If a response is filed, an evidentiary hearing may be set by the Court. If no objection is filed within five calendar days of the filing of the affidavit, the Court may enter an order granting Deere and Company relief from the automatic stay.

**Effectiveness.** This Addendum shall become effective upon confirmation of the Plan and this Addendum incorporated into the Plan.

**Electronic Execution and Execution in Counterparts.** This Addendum may be executed simultaneously or in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. This Addendum may also be executed by signatures sent by facsimile or electronic transmission and the reproduction of signatures sent thereby shall be deemed as though such reproductions were executed originals thereof.

IN WITNESS WHEREOF, the parties have set their hands to the foregoing instrument as their free act and deed.

_____
Delroy Dean Siewert, as Debtor and Debtor-in-possession

_____
Cindy Lou Siewert, as Debtor and Debtor-in-possession


Deere and Company d/b/a John Deere Financial

_____
By:__Jerry McMains_____

Its:__Litigation Administrator_____

Debtors do not intend to sell the Hiniker 5620 Shredder Serial #23-100 at the auction to be held on or before October 31, 2022. If Debtors wish to sell the Hiniker 5620 Shredder Serial #23-100 at this auction, they shall obtain the prior written consent of Deere and Company prior to advertising the Hiniker 5620 Shredder Serial #23-100 and shall set a reserve price for the Hiniker 5620 Shredder Serial #23-100 equal to the total amount due on Deere and Company's claim as of the date of the auction plus any sale costs and commissions due to the auctioneer.

In the event the Debtors fail to make a payment to Deere and Company, Deere and Company shall transmit a notice of such default by email and regular U.S. mail to Debtors, and Debtors shall have thirty (30) calendar days from the date of such notice to cure such payment default. Payment to the Trustee within the curative period shall be considered cure of any noticed default. If Debtors do not cure the default with the 30-day curative period, Debtors agree to turn over to Deere and Company the collateral securing the debt. Deere and Company may file an affidavit of default/non-compliance seeking entry of an order granting relief from the automatic stay of 11 U.S.C. § 362(a) so that it may pursue its state court collection and enforcement remedies. If a response is filed, an evidentiary hearing may be set by the Court. If no objection is filed within five calendar days of the filing of the affidavit, the Court may enter an order granting Deere and Company relief from the automatic stay.

**Effectiveness.** This Addendum shall become effective upon confirmation of the Plan and this Addendum incorporated into the Plan.

**Electronic Execution and Execution in Counterparts.** This Addendum may be executed simultaneously or in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. This Addendum may also be executed by signatures sent by facsimile or electronic transmission and the reproduction of signatures sent thereby shall be deemed as though such reproductions were executed originals thereof.

IN WITNESS WHEREOF, the parties have set their hands to the foregoing instrument as their free act and deed.

_____
Delroy Dean Siewert, as Debtor and Debtor-in-possession

_____
Cindy Lou Siewert, as Debtor and Debtor-in-possession


Deere and Company d/b/a John Deere Financial

_____

By:_____

Its:_____